**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4603**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANNON JAMES ELLIOTT,

Defendant - Appellant.

**No. 16-4617**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KATRINA RENEE SURRATT,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:16-cr-00013-WO-1; 1:16-cr-00013-WO-2)

Submitted: November 25, 2019                     Decided: February 21, 2020

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina; Aaron B. Wellman, COALTER LAW, PLLC, Greensboro, North Carolina, for Appellants. Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon James Elliott and Katrina Renee Surratt ("Appellants") were charged as co-defendants in a six-count indictment. Counts 1, 3, and 5 each alleged Hobbs Act robberies, in violation of 18 U.S.C. §§ 2, 1951(a) (2012), and Counts 2, 4, and 6 each alleged carrying and using, by brandishing, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). Appellants moved to dismiss Counts 2, 4, and 6 on the ground that Hobbs Act robbery does not qualify as a crime of violence under § 924(c). The district court denied the motion, and Appellants entered conditional guilty pleas, reserving their right to appeal the denial of the motion. The district court sentenced Elliott to a total of 156 months' imprisonment and Surratt to a total of 137 months' imprisonment. Appellants' sole claim on appeal is that the district court erred in denying the motion to dismiss because Hobbs Act robbery is not a crime of violence under § 924(c). We affirm.

Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that § 924(c)(3)'s residual clause is unconstitutionally vague. Shortly after *Davis*, however, we held in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *petitions for cert. filed*, Nos. 19-6423, 19-6424 (U.S. Oct. 28, 2019), that "Hobbs Act robbery constitutes a crime of violence under [§ 924(c)(3)'s] force clause." Because Appellants' contested convictions qualify as crimes of violence under the force clause, their only argument is foreclosed by *Mathis*.

3

We therefore affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*